7TH JUDICIAL DISTRICT COURT
CATRON COUNTY NM
FILED IN MY OFFICE
5/12/2016 5:46:24 PM
DISTRICT COURT CLERK

/s/ Stephanie Vega    5/13/2016

Case 2:16-cv-00440-WJ-KK   Document 1-1   Filed 05/13/16   Page 1 of 11

STATE OF NEW MEXICO
COUNTY OF CATRON
SEVENTH JUDICIAL DISTRICT COURT

NEW MEXICO DEPARTMENT OF
GAME AND FISH, Plaintiff

v.

Case No.   D-728-CV-2016-00015
Judge:     Murphy, Mercedes C.

UNITED STATES DEPARTMENT OF
INTERIOR; SALLY JEWELL, in her
official capacity as SECRETARY OF THE
UNITED STATES DEPARTMENT OF
INTERIOR; UNITED STATES FISH AND
WILDLIFE SERVICE; DANIEL M. ASHE,
in his official capacity as DIRECTOR OF
THE UNITED STATES FISH AND
WILDLIFE SERVICE, DR. BENJAMIN N.
TUGGLE, in his official capacity as
SOUTHWEST REGIONAL DIRECTOR
FOR THE UNITED STATES FISH AND
WILDLIFE SERVICE, Defendants

## CIVIL COMPLAINT
## FOR DECLATORY AND INJUNCTIVE RELIEF ARISING FROM DEFENDANTS' VIOLATION OF STATE AND FEDERAL LAW

Matthias L. Sayer
General Counsel
NEW MEXICO DEPT. OF GAME AND FISH
1 Wildlife Way
Santa Fe, New Mexico 87507

Paul Weiland
NOSSAMAN LLP
18101 Von Karman Ave., Suite 1800
Irvine, California 92612

COMES NOW Plaintiff, the New Mexico Department of Game and Fish ("Department"), by and through their above-identified counsel, and brings this action against the United States Department of the Interior, Secretary Jewell, the United States Fish and Wildlife Service ("Service"), Director Daniel M. Ashe, and Regional Director Dr. Benjamin N. Tuggle (collectively, "Defendants"), seeking declaratory and injunctive relief to remedy Defendants' past, ongoing, and imminent violations of New Mexico's wildlife statutes and federal law.

1

**EXHIBIT 1**

In support of its Complaint, the Department avers as follows:

1. In 1998, Defendants began to reintroduce the Mexican gray wolf into the wild in the States of Arizona and New Mexico. Over the intervening period, the Service introduced many dozens of wolves in Arizona and New Mexico.

2. New Mexico law makes it unlawful to import Mexican gray wolves into the State without a permit from the Department. 19.35.7.8 NMAC. New Mexico law also makes it unlawful to release Mexican gray wolves in the State without a permit from the Department. 19.31.10.11 NMAC.

3. Furthermore, federal law, codified in the Code of Federal Regulations requires Defendants, "[i]n carrying out research programs involving the taking or possession of fish and wildlife or programs involving reintroduction of fish and wildlife," to "consult with the States *and comply with State permit requirements*. . . , except in instances where the Secretary of the Interior determines that such compliance would prevent him from carrying out his statutory responsibilities." 43 C.F.R. § 24.4(i)(5)(i) (emphasis added).

4. Until now, Defendants obtained approval from the Department prior to every importation and release within the State's borders. But on or about April 24, 2016, for the first time in the history of the reintroduction effort, Defendants released two wolves in New Mexico without obtaining Department approval, and potentially in violation of the express terms of previously issued Department permits. Further, on information and belief, Defendants are poised to release an unknown number of additional wolves within the State, though the Department is not privy to when, where, and how many.

5. Defendants' actions have a direct and significant impact on the State of New Mexico, the Department, and its authority to enforce State law. Further, the unpermitted release of additional wolves within the State could significantly impact the Department's conservation

**EXHIBIT 1**

efforts with respect to species protected under New Mexico law, including elk, deer, and antelope, in addition to the potential for other deleterious effects amounting to a public nuisance.

## JURISDICTION AND VENUE

6. The Court has personal jurisdiction over each of the Defendants because Defendants' acts, practices, and conduct which give rise to this civil action occurred in the State of New Mexico. Furthermore, the Court has jurisdiction over this action as Defendants are transacting business within the State, in violation of State and Federal law. *See* NMSA 1978, § 38-1-16 (1971).

7. The Court has subject matter jurisdiction because the State claims at issue arise under the statutes and law of the State of New Mexico, and the Court has concurrent jurisdiction over the federal claim.

8. Venue is proper in Catron County because some or all of the acts, practices and conduct of Defendants which give rise to this civil action occurred here in Catron County. *See* NMSA 1978, § 38-3-1 (1988).

## PARTIES

9. Plaintiff the New Mexico Department of Game and Fish is a department within the Executive Branch of the State of New Mexico. The Department is charged by statute with the stewardship of wildlife and fish resident in the State. In this capacity, the Department enforces both statutory requirements enacted by the legislature and regulations enacted by the State Game Commission.

10. Defendant United States Department of the Interior is a department of the United States Government, established by statute.

11. Defendant Sally Jewell is the Secretary of the Department of the Interior.

**EXHIBIT 1**

12. Defendant United States Fish and Wildlife Service is a department of the United States Government, established by statute.

13. Defendant Dan Ashe is the Director of the United States Fish and Wildlife Service.

14. Defendant Dr. Benjamin N. Tuggle is the Southwest Regional Director of the United States Fish and Wildlife Service. The Service's Southwest region includes the State of New Mexico.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

15. The Service listed the Mexican gray wolf subspecies (*Canis lupus baileyi*) under the Federal Endangered Species Act ("ESA") as endangered on April 28, 1976. 41 Fed. Reg. 17736 (Apr. 28, 1976). The entire gray wolf species (*Canis lupus*) in North America south of Canada, except in Minnesota, was listed as endangered under the ESA on March 9, 1978. 43 Fed. Reg. 9607 (Mar. 9, 1978). Thus, the listing of the gray wolf in the contiguous United States and Mexico subsumed the separate listing of the Mexican gray wolf subspecies. Subsequently, the Service proposed to delist the gray wolf and to list the Mexican gray wolf as a subspecies; thereafter the Service promulgated a final rule listing the Mexican gray wolf as a subspecies. 80 Fed. Reg. 2488 (Jan. 16, 2015).

16. A binational captive-breeding program between the United States and Mexico was established in the late 1970s, with the capture of the last remaining Mexican wolves in the wild. The captive breeding program originated with seven founding wolves, and has grown to approximately 248 wolves in 55 facilities in the United States and Mexico. The success of the captive breeding program has resulted in surplus animals, allowing Defendants to undertake efforts to reintroduce populations of the Mexican wolf into the wild.

**EXHIBIT 1**

17. On January 12, 1998, the Service published a final rule establishing the Mexican Wolf Experimental Population Area in central Arizona, New Mexico, and a small portion of northwestern Texas. 63 Fed. Reg. 1752 (Jan. 12, 1998).

18. Pursuant to the 1998 final rule, Mexican wolves were released into the Blue Range Wolf Recovery Area of Arizona and New Mexico, which is within the Experimental Population Area. Mexican wolves released into the Blue Range Wolf Recovery Area and their offspring are designated as a non-essential experimental population, which is intended to allow for greater management and flexibility to address wolf conflict situations such as livestock depredations and nuisance behavior.

19. Under the Service's 1998 final rule, wolves born and raised in captivity could only be released in certain areas, and wolves were not allowed to establish territories on public lands wholly outside the Blue Range Wolf Recovery Area boundary. If wolves did establish territories on public lands wholly outside the Blue Range Wolf Recovery Area boundary, the Service was required to retrieve the wolves.

20. At the end of 2014, the Service estimated that 110 wolves inhabited the United States in central Arizona and New Mexico. This exceeded the population criteria established by the Service in the Mexican Wolf Recovery Plan, which established a recovery goal of 100 Mexican wolves.

21. On January 16, 2015, the Service issued a final rule revising the 1998 rule. The 2015 rule modified the geographic boundaries in which Mexican wolves could be managed, as well as the management regulations that govern the initial release, translocation, removal, and take of Mexican wolves.

22. On April 1, 2015, the Department received the Service's application to import and release up to ten Mexican wolves in New Mexico, along with a request that the Department

**EXHIBIT 1**

waive a condition of previously-issued permits prohibiting the release of offspring from certain imported Mexican wolves.

23. On May 6, 2015, the Department received an additional application from the Service to release two additional Mexican wolves.

24. On June 2, 2015, the Director of the Department denied both the April 1 and May 6 release applications and declined to waive the condition prohibiting the release of offspring.

25. On August 27, 2015, after the Service appealed the Department Director's decision, the New Mexico State Game Commission heard argument on the Service's appeal, and requested that the Service provide additional data and evidence regarding Mexican wolf recovery efforts, recovery plans, historic range, habituations, and nuisance issues.

26. On September 29, 2015, by unanimous vote of 7-0, the New Mexico State Game Commission denied the Service's appeal.

27. In a letter dated October 14, 2015, the Service indicated its intent not to comply with the State of New Mexico's permitting requirements, and its intent to move forward with the reintroduction of Mexican wolves in New Mexico, notwithstanding that it does not have the requisite State permits to do so.

## CLAIMS AND VIOLATIONS ALLEGED

### COUNT 1 – Failure To Obtain A State Importation Permit

28. The Department reasserts, realleges, and incorporates by reference each of paragraphs 1 through 27 above, as though fully set forth below.

29. Section 19.35.7.8 of the New Mexico Administrative Code states: "It shall be unlawful to import any live non-domesticated animal into New Mexico without first obtaining appropriate permit(s) issued by the Director except those animals identified within the species importation list group 1."

**EXHIBIT 1**

30. Because the Mexican wolf is a live non-domesticated animal, and because the Mexican wolf is not identified within the species importation list group 1, the importation of Mexican wolves requires a permit from the Department.

31. Although Defendants failed to obtain the required State importation permits from the Department, Defendants recently imported two Mexican wolves into the State. Further, on information and belief, Defendants are poised to import an unknown number of additional Mexican wolves to the State, though the Department is not privy to when, where, and how many.

### COUNT 2 – Failure To Obtain A State Release Permit

32. The Department reasserts, realleges, and incorporates by reference each of paragraphs 1 through 27 above, as though fully set forth below.

33. Section 19.31.10.11 of the New Mexico Administrative Code states: "It shall be unlawful for any person or persons to release, intentionally or otherwise, or cause to be released in this state any mammal . . . , except domestic mammals . . . without first obtaining a permit from the department of game and fish."

34. Section 19.35.7.19 of the New Mexico Administrative Code states: "No person shall release from captivity an imported animal into New Mexico except by obtaining a release permit from the director."

35. Because the Mexican wolf is a non-domesticated mammal that was previously in captivity, the release of Mexican wolves requires a permit from the Department.

36. Although Defendants failed to obtain the required State release permits from the Department, Defendants recently released two Mexican wolves in the State. Further, on information and belief, Defendants are poised to release an unknown number of additional Mexican wolves in the State, though the Department is not privy to when, where, and how many.

**EXHIBIT 1**

## COUNT 3 – Violation Of State Permit Conditions

37. The Department reasserts, realleges, and incorporates by reference each of paragraphs 1 through 27 above, as though fully set forth below.

38. Section 19.31.10.10.C of the New Mexico Administrative Code states: "It is unlawful for any person receiving any permit or license . . . to violate . . . any provision listed on the permit or license."

39. Previously, the Department issued permits to Defendants authorizing the importation and release of certain Mexican wolves into the State. A permit condition expressly prohibited the release of offspring from these imported Mexican wolves.

40. In the Service's April 1, 2015 application, the Service requested that the Department waive this condition. The Department declined to do so, and the New Mexico State Game Commission upheld this determination. Thus, pursuant to the permit condition, Defendants could not release any offspring from the previously imported Mexican wolves.

41. Based on information and belief, contrary to the express terms of the permit condition, Defendants released or are poised to release an unknown number of offspring from these Mexican wolves in the State, though the Department is not privy to when, where, and how many.

## COUNT 4 – Violation Of Federal Law Requiring Compliance With State Permitting Requirements

42. The Department reasserts, realleges, and incorporates by reference each of paragraphs 1 through 27, 29 through 31, 33 through 36, and 28 through 41, above, as though fully set forth below.

43. The Administrative Procedure Act requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are, *inter alia*, "arbitrary, capricious, an abuse of

**EXHIBIT 1**

discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] without observance of procedure required by law . . . ." 5 U.S.C. § 706(2)(A)-(D).

44. Under section 24.4(i)(5)(i) of Title 43 of the Code of Federal Regulations, the Service is required "[i]n carrying out research programs involving the taking or possession of fish and wildlife or programs involving reintroduction of fish and wildlife," to "consult with the States and comply with State permit requirements . . . , except in instances where the Secretary of the Interior determines that such compliance would prevent him from carrying out his statutory responsibilities."

45. Because the Service did not obtain the necessary State permits, and because Defendants imported and released Mexican wolves without the necessary State permits, they have failed to act in a manner required by law, and/or acted in an arbitrary or capricious manner.

46. Further, on information and belief, Defendants are poised to release an unknown number of additional Mexican wolves in the State without the necessary State permits, though the Department is not privy to when, where, and how many.

**Request for Relief**

WHEREFORE, Plaintiff, the New Mexico Department of Game and Fish, respectfully requests that the Court enter judgment in its favor and against Defendants, as follows:

1)      Declare that Defendants have violated State law by failing to obtain the requisite importation and release permits from the Department prior to importing and releasing Mexican wolves into the State;

2)      Declare that Defendants cannot import or release any Mexican wolves into the State without first obtaining the requisite importation and release permits from the Department;

**EXHIBIT 1**

3) Enjoin Defendants from importing or releasing any Mexican wolves into the State without first obtaining the requisite importation and release permits from the Department;

4) Declare that Defendants have violated State law by importing and releasing Mexican wolf offspring in violation of prior Department permits;

5) Declare that Defendants cannot import and release any Mexican wolf offspring in violation of prior Department permits;

6) Enjoin Defendants from importing and releasing any Mexican wolf offspring in violation of prior Department permits;

7) Declare that Defendants have violated the Administrative Procedure Act by failing to comply with State permit requirements;

8) Issue an injunction requiring Defendants to capture and remove from the State any and all Mexican wolves that were imported and/or released in violation of State law; and

////

**EXHIBIT 1**

9) Grant such other further relief, including temporary, preliminary, and permanent injunctive relief, as the Court may deem just and proper.

Respectfully submitted,

DATE: May 12, 2016    By: */s/ Matthias L. Sayer*
Matthias L. Sayer (NM Bar No. 147231)
General Counsel
New Mexico Department of Game and Fish
1 Wildlife Way
Santa Fe, NM 87507
Telephone: (505) 476-8148
Email:    MatthiasL.Sayer@state.nm.us

Paul S. Weiland (CA Bar No. 237058)
*Appearing Pro Hac Vice*
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email:    pweiland@nossaman.com

*Attorneys for Plaintiffs*
New Mexico Department of Game and Fish

**EXHIBIT 1**